**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TENNESSEE**
**SOUTHERN DIVISION**

IN RE: MURIEL GARTH TAYLOR

DEBTOR(S)

NO:
CHAPTER 13

CHAPTER 13 PLAN

*XX Original* *__ Amended*

*Dated: February 4, 2011*

1. **Payments and Term.**
The debtor will pay the chapter 13 trustee $315.00 per month by direct pay for 60 months and the following additional monies:.

2. **Priority Claims (including administrative expenses).**
   (a) All administrative expenses under 11 U.S.C. §§503(b) & 1326 will be paid in full, including fees to the debtor's attorney in the amount of $3000.00, less $_________ previously paid by the debtor.
   (b) Except as provided in paragraph 6 below, claims entitled to priority under 11 U.S.C. §507 will be paid in full in deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance the filed claim, but any unpaid claim under 11 U.S.C. §507(a)(2) shall be paid after administrative expenses under 11 U.S.C. §503(b).

3. **SECURED CLAIMS.** The secured status and treatment per the plan and order of confirmation is subject to De Novo Review upon the request of any party in the Chapter 13 case within three years after the entry of the order for relief if the claim reflects an unperfected or otherwise objectionable lien or security interest. If no objection is filed within the time stated the validity of the security interest and/or the perfected lien is established by confirmation and is binding on all parties.

   *(a) Cramdowns.* The holders of the following allowed secured claims retain the liens securing such claims and will be paid by the trustee the value of the security in the manner specified below. The portion of any allowed claims that exceeds the value indicated will be treated as an unsecured claim under paragraph 4(a) below.

| *Creditor* | *Collateral* | *Value* | *Monthly Payment* | *Interest Rate* |
|---|---|---|---|---|
| Titlemax of Chattanooga | 1997 Honda Civic | In full | $200.00 | |
| Chattanooga City Treasurer | Property taxes (1410 N. Orchard Knob) | In full | | 12% |
| Hamilton County Trustee | Property taxes (1410 N. Orchard Knob) | In full | | 12% |

   (b) *Surrender.* The Debtor will surrender the following.

| *Creditor* | *Collateral to Be Surrendered* |
|---|---|

*(c)* *Long-Term Mortgages.* The holders of the following mortgage claims will retain their liens and will be paid monthly maintenance payments which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount in the filed claim, absent an objection. The amount of any maintenance payment to be paid pursuant to 11 U.S.C. §1322(b)(5), is fixed herein for the term of the plan (subject to provisions below) and is binding upon all parties.

| *Creditor* | *Estimated Arrearage* | *Arrearage Interest Rate* | *Arrearage Monthly Payment* | *Maintenance Payment* | *Maintenance Payments Begin:* |
|---|---|---|---|---|---|

Chase Home Finance – outside the plan.

Confirmation of the plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtors to do all of the following:

(1) To apply the payments received from the trustee on the prepetition arrearages, if any, only to such arrearages. For the purposes of this plan, the "prepetition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this case.

(2) To deem the prepetition arrearages as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other defaulted-related fees and services based solely on the prepetition default or defaults.

(3) To apply the direct post-petition monthly mortgage payments paid by the trustee or by the Debtors to the month in which each payment was designated to be made under the plan or directly by the Debtors, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance or similar account.

(4) To notify the Trustee, the Debtors, and the attorney for the Debtors in writing, in accordance with applicable law, of any changes in the interest rate for any non-fixed rate or any adjustable rate mortgages, and the effective date of any such adjustment or adjustments.

(5) To notify the Trustee, the Debtors, and the attorney for the Debtors in writing, in writing, in accordance with applicable law, of any change in the property taxes and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments.

(6) **MODIFICATIONS.** The holders of claims secured by a mortgage on real property of the debtor, proposed to be cured in section 3(c) of this plan shall adhere to and shall be governed by the following:

(A) Prepetition defaults. If the debtor pays the cure amount specified in section 3(c), or in such lesser amount as may be established by the creditor's proof of claim, while timely making all required post-petition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the holder to recover any amount alleged to have arisen prior to the filing of the petition.

(B) Post-petition defaults. Within 30 days of issuing the final payment of the cure amount specified in section 3(c), the Trustee shall serve upon the holder, the debtor, and the debtor's attorney a notice stating

1:11-bk-10685

that (1) the cure amount has been paid, satisfying all prepetition arrearage obligations of the debtor; (2) the holder is required to treat the mortgage as reinstated and fully current unless the debtor has failed to make timely payments of post-petition obligations; (3) if the debtor has failed to make timely payments of any post-petition obligations, within 60 days after the Trustee's notice, the holder is required to file a Statement of Outstanding Obligations, consisting of an itemization of all outstanding payment obligations as of the date of its statement, with service upon the Trustee, the debtor, and the debtor's attorney; (4) if the holder fails to file and serve a Statement of Outstanding Obligations within the required time, the holder is required to treat the mortgage as reinstated according to its original terms and fully current as the date of the Trustee's notice; and (5) if the holder does serve a Statement of Outstanding Obligations within the required time, the debtor may (i) within 30 days of service of the Statement, challenge the accuracy thereof by motion filed with the court, to be served upon the holder and the Trustee, or (ii) propose a modified plan to provide for payment of additional amounts that the debtor acknowledges or the court determines are due. To the extent that amounts set forth on a timely filed Statement of Outstanding Obligations are not determined by the court to be invalid or are not paid by the debtor a through modified plan, the right of the holder to collect these amounts will be unaffected. No liability shall result from any nonwillful failure of the Trustee to serve the notice required by this subparagraph.

(C) Cost of collection. Cost of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case shall be claimed pursuant to section 3(c)(6)(B) above.

4. **Unsecured Claims.**
   (a) *Nonpriority.* Except as provided in subparagraph (b) and in paragraph 6 below, nonpriority unsecured claims will be paid: Pro-rata.

   *(b) Post-petition.* Claims allowed under 11 U.S.C. § 1305 will be paid pro rata after the unsecured nonpriority claims in paragraph 4(a).

5. **Executory Contracts and Unexpired Leases.** Except the following which are assumed, all executory contracts and unexpired leases are rejected, with any claim arising from the rejection to be paid as unsecured as provided in paragraph 4(a) above:

| *Other Party to Contract* | *Property Description* | *Treatment by Debtor* |
|---|---|---|

6. **Special Provisions.** (such as cosigned debts, debts paid by third party, student loans, special priority debts)

/s/ Kenneth C. Rannick

Kenneth C. Rannick, #11106
Kenneth C. Rannick, P.C.
4416 Brainerd Road
Chattanooga, TN 37411
423/624-4002 telephone
423/624-0509 facsimile
rannick@lawyerchattanooga.com e-mail